## IN RE: THOMASINE TYNES FORMER JUDGE PHILADELPHIA TRAFFIC COURT PHILADELPHIA COUNTY

### No. 7 JD 15

Court of Judicial Discipline of Pennsylvania.

FILED: November 15, 2016

Hon. Robert A. Graci, Chief Counsel, Judicial Conduct Board

James P. Kleman, Jr., Deputy Counsel, Judicial Conduct Board

Samuel C. Stretton, Esquire, West Chester, PA for Respondent

BEFORE: Honorable Jack A. Panella, P.J., Honorable John J. Soroko, J., Honorable David J. Shrager, J., Honorable David J. Barton, J., Honorable Doris Carson Williams, J., Honorable Jeffrey P. Minehart, J.

OPINION BY JUDGE BARTON

## I. INTRODUCTION

Former Philadelphia Traffic Court President Judge Thomasine Tynes ("Respondent Tynes") appears before this Court pursuant to a complaint filed by the Judicial Conduct Board ("Board") on April 14, 2015. The underlying disciplinary allegations relate to federal and state criminal convictions arising from acts that took place during periods that Respondent Tynes was a judicial officer. Respondent Tynes was sentenced to federal prison in December of 2014, and served her sentence at Federal Medical Center Carswell, Texas. Because her counsel was unable to effectively communicate with her during this period, and concerns about her health, the trial was deferred.[1] On August 3, 2016, with Respondent Tynes' release from federal custody impending, the Court determined that since Respondent Tynes no longer held judicial office the matter should proceed despite the pendency of a direct appeal of her federal conviction and a Post Conviction Relief Act ("PCRA") petition pending seeking to attack her state conviction. Respondent Tynes requested further deferral because of these appeals, which was denied.

A pretrial conference was held on October 7, 2016, and afterwards the parties agreed to stipulations such that no trial is necessary to determine the facts of this case. Those stipulations were filed with the Court on October 31, 2016.

## II. THE BOARD'S COMPLAINT

The Board's complaint has its genesis in two criminal convictions. First, the Board's complaint recites that Respondent was convicted on June 23, 2014, of two counts of perjury[2] for her false testimony before a federal grand jury investigating her role in providing preferential treatment to favored defendants appearing before the Philadelphia Traffic Court.

Second, the complaint recites that Respondent was the subject of a Pennsylvania state prosecution in Philadelphia County during 2014 for her illegal acceptance of an item of jewelry during her tenure as the President Judge of the Traffic Court. In the Pennsylvania state case Respondent Tynes entered a negotiated guilty plea to one count of accepting improper influence.[3]

The Board's complaint includes two counts. Count 1 contains two distinct allegations. First, it alleges that Respondent's federal conviction violated Article V, § 18(d)(1) of the Pennsylvania Constitution, which provides that "a justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony." PA. CONST. art. V, § 18(d)(1). Second, it alleges a similar violation for Respondent's state felony conviction.

Similarly, Count 2 also contains two distinct allegations. First, it alleges that because of Respondent Tynes' federal conviction, she has brought the judicial office into disrepute, In violation of Article V, § 18(d)(1) of the Pennsylvania Constitution. This violation of Section 18 is prem-

---

1. Since Respondent's case was filed, this Court has adopted a rule of procedure regarding deferring the trial of cases. *See* **C.J.D.R.P. No. 422 (adopted April 12, 2016).** Rule 422 was intended to balance a respondent judge's right to avoid self incrimination under the State and Federal Constitutions with the need for prompt disposition of judicial discipline cases which aids in ensuring public confidence in the judicial system.

2. 18 U.S.C. § 1623 is a felony.

3. 65 Pa.C.S.A. § 1103(c) is an ungraded felony.

ised upon the language in the Constitution that "a justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for ... conduct which ... brings the judicial office into disrepute, whether or not the conduct occurred while acting in a judicial capacity or is prohibited by law." **PA. CONST. art. V, § 18(d)(1).** Second, it makes the same allegation for Respondent Tynes' state felony conviction.

### III. JOINT STIPULATIONS & FINDINGS OF FACT

Respondent Tynes and the Judicial Conduct Board have entered into Joint Stipulations of Fact and Conclusions of Law pursuant to C.J.D.R.P. No. 502(D) and (E).[4] The Court has reviewed the stipulations of fact and accepts them as all of the facts necessary for the disposition of this case. The Joint Stipulations which we adopt as our findings of fact, are as follows:[5]

1. This action is taken by the Board pursuant to the authority granted to it under Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to determine whether there is probable cause to file formal charges alleging violation of the Constitution of the Commonwealth of Pennsylvania on the part of judges, justices, or justices of the peace; to file such charges when warranted; and to present the case in support of such charges before this Court.

2. From approximately January 1990, until her retirement on July 3, 2012, Respondent Tynes served as a judge of the Philadelphia Traffic Court (PTC).

a. From March 2005 until her retirement, Respondent Tynes served as the President Judge of the PTC.

3. As a PTC judge, Respondent Tynes was at all times subject to all the duties and responsibilities imposed on her by the Constitution of Pennsylvania and the Old Rules Governing Standards of Conduct of Magisterial District Judges, as applicable to PTC judges (effective through November 3, 2014).

4. Prior to her retirement from judicial service, Respondent Tynes was the subject of a federal grand jury investigation regarding her participation in the practice of giving favorable treatment in traffic court cases to certain defendants based upon *ex parte* requests.

a. This practice became known as "special consideration."

b. Respondent Tynes was alleged to have participated in the practice of "special consideration" while she was a PTC judge.

c. On October 4, 2011, while she was still a sitting PTC judge, Respondent Tynes testified before the federal grand jury.

5. At *United States v. Michael J. Sullivan, Michael Lowry, Robert Mulgrew, Willie Singletary, Thomasine Tynes, Mark A. Bruno, William Hird, Henry P. Alfano, and Robert Moy,* 2:13–cr–00039–RK, the grand jury indicted Respondent Tynes and her co-defendants on January 29, 2013.

6. The indictment charged Respondent Tynes with one felony count of conspiracy to commit wire and mail fraud, 18 U.S.C. § 1349; seven felony counts of wire fraud, 18 U.S.C. § 1343; three counts of mail

---

4. Under C.J.D.R.P. No. 502(E), we treat the submission of the parties' stipulated conclusions of law as proposed conclusions of law.

5. For consistency, we have made minor changes to the form of the stipulations submitted by the parties.

fraud, 18 U.S.C. § 1341; and two felony counts of perjury, 18 U.S.C. § 1623.

7. Following indictment, Respondent Tynes, and her co-defendants proceeded to jury trial in the United States District Court for the Eastern District of Pennsylvania on May 26, 2014.

8. On July 23, 2014, following trial, the jury convicted Respondent Tynes of two counts of perjury for her false testimony before the federal grand jury.

9. On December 4, 2014, Judge Lawrence F. Stengel sentenced Respondent Tynes to 24 months in prison on each count of perjury, to be served concurrently.

    a. Respondent Tynes appealed her federal perjury sentence on December 18, 2014.

    b. Respondent Tynes' federal appeal remains pending.

10. Respondent Tynes was also the subject of a county grand jury investigation in Philadelphia for her acceptance of a bribe offered by a confidential informant during her tenure as President Judge of the PTC in exchange for her assistance in obtaining a business contract for a fictitious business entity that the confidential informant supposedly represented.

11. Following the investigation, on October 17, 2014, the Twenty-Seventh County Investigating Grand Jury issued Presentment Number 1 recommending that Respondent Tynes be charged with the following offenses: (1) criminal conspiracy, 18 Pa.C.S.A. § 903, a felony of the third degree; (2) bribery, 18 Pa.C.S.A. § 4701, a felony of the third degree; (3) conflict of interest, 65 Pa.C.S.A. § 1103, an ungraded felony; (4) failure to make required disclosure in statement of financial interest, 65 Pa.C.S.A. § 1105, an ungraded misdemeanor; and (5) failure to make required disclosure in statement of financial inter-

est, 65 Pa.C.S.A. § 1104, an ungraded misdemeanor.

12. By information filed at *Commonwealth v. Thomasine Tynes*, CP–51–CR–12304–2014 on November 5, 2014, the District Attorney of Philadelphia charged Respondent Tynes with the following offenses; (1) conflict of interest, 65 Pa.C.S.A. § 1103(a), an ungraded felony; (2) bribery (2 counts), 18 Pa.C.S.A. §§ 4701(a)(1), (a)(3), felonies of the third degree; (3) conspiracy, 18 Pa.C.S.A. § 903, a felony of the third degree; (4) accepting improper influence, 65 Pa.C.S.A. § 1103(c), an ungraded felony; (5) failure to file a statement of financial interest, 65 Pa.C.S.A. § 1104(a), an ungraded misdemeanor; and (6) failure to make required disclosure in statement of financial interest, 65 Pa. C.S.A. § 1105(a), an ungraded misdemeanor.

13. On December 17, 2014, Respondent Tynes tendered a negotiated plea of guilty In the Court of Common Pleas of Philadelphia to one count of accepting Improper Influence, 65 Pa.C.S.A. § 1103(c), an ungraded felony, in exchange for a negotiated sentence of 11 ½ to 23 months of incarceration to be served concurrently with her federal sentence.

    a. Respondent Tynes has not appealed her state sentence for accepting improper influence.

    b. Respondent Tynes is presently challenging the validity of her state conviction and sentence pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541–9546.

14. By virtue of her federal conviction for acts undertaken during her judicial service, Respondent Tynes is a convicted felon.

15. By virtue of her state conviction for acts undertaken during her judicial ser-

vice, Respondent Tynes is a convicted felon.

## IV. CONCLUSIONS OF LAW

■ The parties have also submitted stipulated conclusions of law. However, the Court is required to make "an independent evaluation of the evidence, whether stipulated to or determined after a hearing, in order to decide whether the allegations have been proven by clear and convincing evidence, and whether the conduct in issue violated the Pennsylvania Constitution or the Canons." *In re Eakin, 13 JD 15* (slip opinion at 5) (Pa.Ct.Jud.Disc. March 24, 2016).

In view of the stipulated facts that we have accepted, our independent review of these facts leads to the following conclusions of law.

■ A. Respondent Tynes' conviction in the United States District Court for the Eastern District of Pennsylvania on December 4, 2014, for two counts of perjury, 18 U.S.C. § 1623, each count being an ungraded felony, subjects her to discipline by this Court for a violation of the Pennsylvania Constitution, Article V, § 18(d)(1), that "a justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony," as alleged in Count 1 of the Board's complaint.

■ B. Respondent Tynes' conviction in the Court of Common Pleas of Philadelphia County on December 17, 2014, for one count of accepting improper influence, 65 Pa.C.S.A. § 1103(c), an ungraded felony, subjects her to discipline by this Court for a violation of the Pennsylvania Constitution, Article V, § 18(d)(1), that "a justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony," as alleged in Count 1 of the Board's complaint.

■ C. Respondent Tynes' conviction in the United States District Court for the Eastern District of Pennsylvania on December 4, 2014, for two counts of perjury, 18 U.S.C. § 1623, each count being an ungraded felony, subjects her to discipline by this Court for a violation of the Pennsylvania Constitution, Article V, § 18(d)(1), in that her conviction of two counts of felony perjury has brought the judicial office into disrepute, as alleged in Count 2 of the Board's complaint.

■ D. Respondent Tynes' conviction in the Court of Common Pleas of Philadelphia County on December 17, 2014, for one count of accepting improper influence, 65 Pa.C.S.A. § 1103(c), an ungraded felony, subjects her to discipline by this Court for a violation of the Pennsylvania Constitution, Article V, § 18(d)(1), in that her conviction of this offense has brought the judicial office into disrepute, as alleged in Count 2 of the Board's complaint.

## ORDER

AND NOW, this 15th day of November, 2016, based upon the Conclusions of Law, it is hereby ORDERED:

1. Pursuant to C.J.D.R.P. No. 503, the attached Opinion is hereby filed, and shall be served on the Judicial Conduct Board and upon Respondent Tynes;

2. Either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party;

3. In the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objec-

tions, and issue an Order setting a date for such oral argument;

4. In the event objections are not filed within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions.